[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff James Guardino claims an interest in real estate located in Milford, Connecticut, which real estate comprised the major asset of the Estate of Angelo Giardino who died on July 1, 1997. Despite the difference in the spelling of the plaintiff's surname and the decedents, James the plaintiff and the decedent Angelo were brothers. Angela Goodall, a daughter of the decedent, was named executrix of Angelo's estate in the decedent's will. [P. Ex. 1] The plaintiff herein filed a claim against the estate alleging that he was a part-owner of the residential real estate, which claim was denied and disallowed by CT Page 13071 the executrix. [P, Ex. 1]
It is the plaintiff's claim that during the decedent's lifetime a corporation was formed by the decedent, the only asset of which was the real estate mentioned herein and that he, the plaintiff, was a 25% shareholder along with the other three brothers. It is his further claim that the decedent without the knowledge or consent of the plaintiff conveyed the real estate from the corporation back to himself some twelve years later on June 15, 1976. It is the plaintiff's claim that this conveyance without authority did not divest him of his interest in the property as a shareholder and that this court should declare him to be a tenant-in-common of the property or award him damages representing an interest in the property.
It appears from the evidence presented to the court that Angelo purchased this property from the estate of his mother in 1964 for the purchase price of $18,000. [P. Ex. 3] In May 1964 Angelo quitclaimed his interest to Guard Realty, Inc. [P. Ex. 4]. There is nothing in the record from the plaintiff or anyone else that the plaintiff paid anything for his 25% interest in Guard Realty, Inc. The reason for the formation of the corporation was given by Angelo's son, Wyatt Giardino, who testified that his father told him that he put the ownership of the house into the corporate structure to protect his investment as he was engaged in the masonry business and was concerned about claims of negligence against him. Subsequently and more specifically on June 15, 1976 Angelo as President of Guard Realty by quit claim deed dated June 15, 1976, transferred the property back to himself. [P. Ex. 5] During the time that the property was owned by the corporation, the plaintiff admitted that he put no money into the premises nor was he at all conversant with any of the financial aspects of the property, a portion of which was rented out. He testified that he had no idea as to what rents were received nor did he make any demands on the corporation for any share of the rents. While he testified that over the years he assisted in maintenance work on the premises, his testimony in this regard was not supported by any of the witnesses who testified on behalf of the defense.
It is interesting to note that the plaintiff took no action to enforce any claims against the property from the time Angelo transferred it back to himself in 1976 to the time of Angelo's death in 1997, a period of 21 years, nor did the evidence reflect any objection on the part of the plaintiff to any aspect of Angelo's ownership, occupation or use of the property over that CT Page 13072 extended period of time.
The plaintiff claims that this relationship with the premises located at 658 West Avenue constitutes him a part owner due to his 25% share in the Guard Realty Corporation and that the failure of the executrix to recognize this interest requires the court to impose a constructive trust. Any interest that the plaintiff claims to have acquired in connection with this piece of real estate appears only to stem from the ownership of the 25% shareholding in the corporation. The evidence does not support any claim that the transfer of the property from the corporation back to the original grantor constituted a personal fraud upon the plaintiff. Neither the plaintiff's complaint nor the evidence presented to the court support a claim of a constructive trust. Such a claim requires evidence of a special relationship between the parties and a further finding that the plaintiff has been deprived of property by action of the decedent arising from a wrongful abuse of that relationship. The court cannot find that such a relationship existed simply from a brother-to-brother connection. The evidence presented during the trial suggests that the initial ownership of the property in question was solely that of Angelo Giardino dating from his purchase of it from his mother's estate in April of 1964 and that the plaintiff played no role in its acquisition or management. There is no evidence of fraud on the part of the decedent having been visited upon the plaintiff to give rise to a constructive trust or unjust enrichment inuring to the benefit of the decedent's estate.
This case turns to a significant degree on the credibility of the witnesses presented to the court. This court concludes from the evidence that there is no basis for the court to conclude that the plaintiff has sustained the burden of proof as to the claims or allegations set out in the plaintiff's complaint. Accordingly, the court finds the issues for the defendant and judgment may enter in favor of the defendant.
George W. Ripley II Judge Trial Referee